Hardison v. Hooker.

*Palmer & Richardson*, for the appellee.

---

SETH HARDISON v. ROBERT HOOKER.

The want of the averment of a consideration for a subsequent contract, set up by the defendant in answer to a suit upon the original contract, is fatal to the sufficiency of the plea.

It is not error to refuse a continuance for the want of testimony to sustain a plea thus defective.

Where there appears in the transcript two judgments on the same matter, and which are in effect the same, and an order to set one of them aside has been in the court below omitted by mistake, on the remission in this court by the appellee of any claim by virtue of one of them, this court will reverse the judgment as to that which is remitted, and affirm as to the other.

APPEAL from Polk. Tried below before the Hon. James M. Maxcy.

This was a suit brought by Robert Hooker, as administrator of the estate of William Laneheart, against Seth Hardison, com-

menced by distress warrant, for $300 with interest, for rent, alleged to be due by virtue of an agreement in writing, made between the deceased and the defendant on the 5th day of December, 1857.

The defendant pleaded, that on the 1st day of January, 1858, a subsequent agreement was entered into between them, by which Laneheart bound himself to supply the farm with sufficient water for stock, drinking, and for all purposes necessary to its enjoyment (said farm having no water on it,) by causing to be dug thereon a well, which undertaking was a material inducement on the part of the defendant for the renting of the farm. He alleged the failure on the part of the plaintiff's intestate to comply, and a consequent damage in the sum of $250.

The plaintiff excepted to the plea, among other grounds, that it did not allege any consideration for the said contract. The first application made for a continuance was made by the defendant's attorney, for the want of the testimony of a witness by whom he stated he could prove the subsequent contract. That he did not know until the morning of the day on which he made the application, that he could make said proof by the witness; and that it was then too late to procure the attendance of the witness. That the duty of collecting the testimony had been entrusted to the affiant; that he expects to make out the defence clearly by the testimony of said witness at the next term of the court; that he is not absent by the procurement or consent of the defendant or of the affiant; and that the application is not made for delay, but that justice may be done.

The defendant's motion for a continuance was refused, and the plaintiff's exceptions to the answer were sustained. Verdict and judgment for the plaintiff, for the sum of $306 07.

In the transcript there were two judgments, each reciting the foregoing rulings, verdict and judgment, the only difference between them being that, in the decree last recited, after setting forth the verdict, it proceeded to recite the initiatory proceedings in the case before the justice of the peace for a distress warrant, with the levy made and bond given by the defendant, by virtue of, and consequent thereon, and to direct the sale of the property

Hardison v. Hooker.

levied on, and the return to be made by the officer, in default of the forthcoming of the property, and that thereupon execution issue against the defendant. The judgment first recited was an ordinary judgment against the defendant on the verdict for the amount thereof, with usual order that an execution issue.

The defendant assigned as error, the refusal to grant a continuance; sustaining the plaintiff's exceptions to the answer; and in rendering two judgments against him on the same cause of action, on either of which executions might issue.

The appellee entered in the Supreme Court a remittitur of any claim or benefit under the first recited judgment.

*Seth Hardison*, for himself.

*Robert Hooker*, for himself.

ROBERTS, J.—The plea of defendant set up a subsequent contract, by the breach of which he claimed to have been damaged. This was excepted to on the ground that there was no consideration for such subsequent contract alleged, as well as on other grounds. The court below correctly sustained this exception to the special plea. This action of the court dispensed with the necessity of the evidence referred to in defendant's application for continuance. It is presumed that one reason why the application for continuance was held to be insufficient was the defect of this plea. We think that sufficient.

There appear in the transcript two judgments, just alike, except that the last one refers to the proceedings upon the distress warrant, and the other does not. It is probable that the last one was rendered as a substitute for the other; and an order setting aside the first entry was omitted by mistake. The appellee, to supply this omission, remits in this court any claim by virtue of the first entry of judgment. Therefore, the judgment will be reversed as to the first entry, and here rendered so as to affirm the judgment in the last entry.

Judgment reformed.